**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RCC South LLC, | No. CV11-2356-PHX-DGC |
| Debtor, | Chapter 11 Proceedings |
| _____ | BK No.:  2:10-bk-23475-SSC |
| RCC South LLC, | Adv. Pro. No.:  02-11-ap-02122-SSC |
| Plaintiff | |
| vs. | **ORDER** |
| SFI Belmont LLC, | |
| Defendant. | |

The bankruptcy court denied Appellant RCC South, LLC's request for an injunction to stop a trustee's sale of Appellant's sole asset: a parcel of commercial real estate with two office buildings and several acres of vacant land. Appellant has appealed the denial of the injunction, and asks this Court to enter an emergency stay of the trustee's sale pending completion of the appeal. Appellee SFI Raintree-Scottsdale LLC, which holds the security interest in Appellant's sole asset and has initiated the trustee's sale, opposes the request for a stay. A hearing was held on December 5, 2011. The trustee's sale is scheduled for December 6, 2011.

Appellant correctly argues that the standard for a stay pending appeal is the same as that required for a preliminary injunction. *See Gila River Indian Comm. v. U.S.*, 2011

WL 1656486 at *1 (D. Ariz. May 3, 2011). To obtain a preliminary injunction, a party must show that it is likely to succeed on the merits, that it is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in its favor, and that an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008). The test includes a sliding scale. If the party shows that the balance of hardships will tip sharply in its favor, it need not make as strong a showing of the likelihood of success on the merits – the existence of serious questions will suffice. *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011). Serious questions "must involve a 'fair chance of success on the merits.'" *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir.1988) (en banc) (quoting *Nat'l Wildlife Fed'n v. Coston*, 773 F.2d 1513, 1517 (9th Cir.1985)); *see also Bernhardt v. L.A. County*, 339 F.3d 920, 926-27 (9th Cir.2003).

**I.     Likelihood of Success.**

The Court has read the transcript of the November 22, 2011 hearing before Judge Curley. Doc. 8, Tab 6. The transcript makes clear that Judge Curley, after reading the parties' submissions, concluded that Appellant's plan of reorganization could never be approved and that Appellee's plan – which calls for all creditors to be paid in full and for all leases of the office buildings to be honored – would be approved. A hearing that lasted almost two hours, during which Appellant's counsel argued vigorously, did not change her conclusion. Judge Curley therefore viewed an evidentiary hearing as futile and declined to enjoin the trustee's sale. *See* Doc. 8 at 128 ("it doesn't make sense to go down the road and have evidence presented given this turn of events.").

Judge Curley did afford Appellant one more opportunity to convince her that an evidentiary hearing was warranted. After explaining her concerns about Appellant's plan, Judge Curley told Appellant's counsel that if they could "come up with a basis for me to have an evidentiary hearing," she would schedule one before the trustee's sale. Doc. 8 at 127; *see also id.* at 128 ("So I will leave it to you, Mr. Hebert. If you find

something out there before the trustee's sale . . . that supports your position and I can have a hearing on these issues, and I can confirm the debtor's plan and prefer it over [Appellee's], so be it. I'll set an emergency hearing."). Judge Curley did make clear that she was unlikely to change her mind, stating that it would take a "miracle." *Id.* at 131. Appellant did not request a further hearing, but instead chose to file this appeal.

Appellant's motion asserts that Judge Curley erred when she refused to enjoin the trustee's sale without first holding an evidentiary hearing on Appellant's plan of reorganization. But Appellant's written motion provides no legal analysis of Judge Curley's conclusion that Appellant's plan could never be approved. *See* Doc. 4. It makes no attempt to show why Judge Curley's analysis of the plan was flawed, why the plan in fact could be approved, or what an evidentiary hearing would have shown that would have altered Judge Curley's decision.

The motion instead argues that Judge Curley promised a hearing on its reorganization plan before a trustee's sale would occur, and failed to honor that promise. But because the motion provides no basis for concluding that Judge Curley was wrong in her conclusion that an evidentiary hearing would be futile, the motion does not show that Appellant is likely to succeed in an appeal arguing that Judge Curley erred when she proceeded without an evidentiary hearing.

During oral argument on December 5th, Appellant cited two cases for the proposition that a bankruptcy court cannot make the kind of classification decision Judge Curley made without an evidentiary hearing. The first case, *In re Anaheim Associates*, 995 F.2d 940 (9th Cir. 1993), held that a creditor is "impaired" even if the modification of its rights results in an enhancement of its position. The case does not hold that an evidentiary hearing is required. The single reference to a hearing in the court's decision was simply a factual notation that a hearing was held in the bankruptcy court to determine whether the plan should be confirmed. *Id.* at 941. The second case, *In re Hotel Associates of Tucson*, 165 B.R. 470 (B.A.P. 1994), held that a bankruptcy court

must make findings of fact when addressing a contested issue of good faith. The bankruptcy court had rejected a bad faith challenge to impaired classes without a hearing and without explanation. The Bankruptcy Appellate Panel remanded the case so that "findings" could be made on "whether the plan was proposed in good faith." *Id.* at 475. The case does not specify the kind of hearing to be held.

Even if the Court accepts Appellant's assertion that *Hotel Associates* requires a factual hearing to resolve bad faith objections to classification, that decision addresses only part of Judge Curley's reasons for concluding that an evidentiary hearing would be futile in this case. She found other problems with Appellant's plan. She expressed doubt that there is a new value exception to the priority rules. She also found that she would be required to choose Appellee's plan even if Appellant's plan could be confirmed. *Id.* at 104-105. The Court understands from oral argument that Appellant disagrees with these reasons, but Appellant has provided the Court no basis for concluding that they are wrong. Appellant does not address the new value rule in its briefing and mentioned it only in passing during oral argument, and Appellant does not show why Judge Curley erred when she concluded that Appellee's plan must be chosen even if Appellant's plan is approved. As a result, Appellant has not provided grounds for this Court to conclude that Judge Curley erred when she found that an evidentiary hearing would be futile, and therefore has not shown a likelihood of success on appeal.

The Court further concludes that Appellant has not been denied a reasonable opportunity to present and obtain approval of its plan of reorganization. Appellant's bankruptcy, as a single-real-estate-asset bankruptcy, should have proceeded quickly. *See* 11 U.S.C. § 362(d)(3) (debtor must present a confirmable plan of reorganization or begin making contract interest payments on creditor's debt within 90 days). The bankruptcy in this case has been pending for more than 18 months. Appellant has presented six plans of reorganization, none of which has been approved. Judge Curley eventually concluded that Appellant no longer should be the sole party allowed to propose plans, and permitted

Appellee to propose a plan. Judge Curley expressed serious reservations about Appellant's plans, and eventually lifted the stay on the trustee's sale. Judge Curley afforded Appellant an opportunity to present a plan of reorganization that could be approved before the trustee's sale. It was after reviewing this plan – the sixth plan – that Judge Curley concluded that the plan could never be approved and that Appellee's plan would be approved.

In short, Appellant has been afforded an extended period of time to obtain approval of a plan of reorganization. Because Appellant has failed to show that Judge Curley was in all respects wrong when she held that an evidentiary hearing would be futile, Appellant has failed to show that it is likely to succeed on the merits of its appeal.

## II. Serious Questions and Balance of Hardships.

For the same reason, Appellant has not shown the existence of serious questions. As noted above, serious questions must involve a fair chance of success on the merits. *Republic of the Philippines*, 862 F.2d at 1362. Appellant has not shown a fair chance of success. As noted, Appellant has provided no legal basis for concluding that Judge Curley erred when she concluded that she ultimately would accept Appellee's plan and that an evidentiary hearing on Appellant's plan was therefore futile.

The Court also concludes that Appellant has not shown the balance of hardships tips sharply in its favor. Appellant has had 18 months to present a plan of reorganization. Appellee, which is owed some $70,000,000 by Appellant and which has been waiting months to exercise its security rights in the property, would also experience hardship if the trustee's sale was further delayed. The Court sees hardship on both sides of this case, and cannot say the balance tips sharply in Appellant's favor.

## III. Conclusion.

The Court is mindful of the fact that denying this stay will result in the trustee's sale proceeding and in Appellant losing the property. The Court understands Appellant's argument that such a result should not occur until it has had a fair chance to present its

appeal. But a stay pending appeal may be granted only if Appellant makes the showing required for a preliminary injunction, and for reasons explained above the Court concludes that Appellant has not made that showing.

**IT IS ORDERED** that Appellant's Emergency Motion for Stay Pending Appeal (Doc. 4) is **denied**.

Dated this 5th day of December, 2011.

_____
David G. Campbell
United States District Judge